UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1, individually and on behalf
of similarly situated persons,

       Plaintiff,                  Case No.    2:20-cv-12981

v.

                                    Hon.

THE COLISEUM, INC. d/b/a THE
COLISEUM and ALAN MARKOVITZ,

       Defendants.
_____

DAVID M. BLANCHARD (P67190)
FRANCES J. HOLLANDER (P82180)
BLANCHARD & WALKER PLLC
Attorneys for Plaintiffs
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

_____

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff Jane Doe ("Plaintiff"), individually and on behalf of all others similarly situated, based upon investigation of counsel and personal knowledge, alleges as follows:

**NATURE OF THE CASE**

1.    Defendants own and operate an adult entertainment club known as

Coliseum.

2. Plaintiff began working for Defendants around May 2014. Throughout her employment, Defendants The Coliseum, Inc. d/b/a The Coliseum ("The Coliseum") and Alan Markovitz ("Markovitz") (collectively, "Defendants") denied Plaintiff minimum wage payments by wrongfully classifying Plaintiff and other workers as "independent contractors" to evade minimum wage laws. Plaintiff received tips from Defendants' customers from which she was required to pay kickbacks to Defendants. Defendants never paid Plaintiff any hourly wage for any of the hours she worked for them.

3. Plaintiff brings this lawsuit individually under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ *et seq.* and as a FED. R. CIV. P. 23 class action under the Michigan Minimum Wage Law applicable over the relevant time period (*e.g.*, the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL 408.411 *et seq.*, and the Michigan Improved Workforce Opportunity Wage Act ("IWOWA"), MCL 408.931 *et seq.*) (collectively, "Michigan Minimum Wage Law") against Defendants for damages resulting from Defendants' failure to pay minimum wages.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question

2

jurisdiction). This Court maintains jurisdiction over Plaintiffs' Michigan Minimum Wage Law claim under 28 U.S.C. § 1367 (pendent claims), MCL 408.419(1)(a), and MCL 408.939(a)(1).

5. Venue in this district is proper under 28 U.S.C. § 1391 because Defendants operate The Coliseum in this district, Defendants employed Plaintiff and the putative class in this district, and because all or a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

6. Plaintiff is an individual adult resident of the State of Michigan. At all material times, Defendants have employed Plaintiff, and Plaintiff qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff consents to this action. *See* **Exhibit 1**.

7. Jane Doe files this action and seeks to proceed anonymously because: (a) she fears retaliation by Defendants; (b) she wishes to preserve their right to privacy; (c) there is a significant social stigma attached to her occupation as an exotic dancer; (d) there is an inherent amount of risk associated with Doe's profession and she fears that disclosure of her legal name and address may subject her to risk of injury by current and former patrons; and (e) in addition to the fear of retaliation by Defendants, they would be hesitant to maintain this action enforcing fundamental employment rights if her name was to be forever associated with Defendants.

8. Defendants identify the exotic dancers they employ using fictitious stage names, so there is no prejudice to Defendants if Jane Doe 1 files this action under a fictitious name and proceeds anonymously.

9. The identity of Jane Doe 1 will be disclosed to Defendants privately in order to allow them to assess and defend the claims. Therefore, there are no due process concerns with Doe proceeding anonymously.

10. The Coliseum is a Michigan company maintaining its principal place of business in Detroit, Michigan, which is located within the Eastern District of Michigan. At all times mentioned herein, The Coliseum was an "employer" or "joint employer" of Plaintiff and the putative class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

11. Markovitz is the Managing Owner of The Coliseum. Markovitz is the owner and operator of The Coliseum who executed the payment policies of the workers. At all times mentioned herein, Markovitz was an "employer" or "joint employer" of Plaintiff and the putative class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

## **GENERAL ALLEGATIONS**

*Defendants' Business*

12. Defendants operate an adult entertainment facility located at 11300 E. 8 Mile Rd., Detroit, MI 48205.

4

13. Plaintiff began working as a dancer for Defendants around May 2014.

14. Plaintiff's primary duties as a dancer were to dance and entertain customers for their enjoyment. Plaintiff performed stage and table dances or entertained customers in a VIP room on an hourly basis.

15. Defendants employ exotic dancers who all have the same primary job duty and were unlawfully treated as "independent contractors."

16. At all material times, Defendants were Plaintiff's and the putative class's "employer(s)" or "joint employer(s)."

*Defendants' Pay Practices*

17. Defendants failed to pay any wages to the dancers they employed.

18. Defendants did not pay Plaintiff or other dancers on an hourly or salary basis.

19. Defendants exerted significant power over Plaintiff during her shifts. Defendants required Plaintiff to work at least three shifts per week and they threatened to fine her if she failed to work three shifts. Plaintiff had to choose between a day shift from 11:00 AM to 7:00 PM or a night shift from 7:00 PM to 2:00 AM.

20. Defendants frequently held Plaintiff's cabaret card from her, preventing her from potentially pursuing dancing opportunities at other establishments.

21. Defendants charged late fees if Plaintiff did not arrive to her shift early.

Under Defendants' policies and practices, the shift start time meant the dancer had to be on stage at that time.

22. Defendants set prices for all VIP performances.

23. Defendants had the authority to suspend, fine, fire, and discipline dancers for non-compliance with their rules and policies.

24. Defendants did actually suspend, fine, fire, or otherwise discipline dancers for not complying with their rules and policies.

25. Defendants never paid Plaintiff for any of the hours she worked for them.

26. Defendants required Plaintiff to kick back a portion of her tips received to the managers, bouncers, disc jockeys, and house mothers.

27. Defendants directed, controlled, and paid for all advertising and marketing efforts and investments undertaken on behalf of Defendants.

28. Defendants paid for the building, maintenance of the facility, the sound system, stages, lights, beverages, and inventory used by Defendants at the facility.

29. Defendants made all personnel decisions about the wait staff, security, dancers, managers, and all other employees.

30. Defendants' opportunity for profit and loss far exceeded Plaintiff's opportunity for profit and loss from work at The Coliseum.

31. Nude and semi-nude dancing is an integral part of Defendants'

operations. Defendants' advertising and marketing efforts display nude dancing for their customers. The Coliseum is well known as a "strip club."

32. Defendants need dancers to successfully operate their business model and maintain profits.

33. The position of dancer requires no special skills, expertise, or education, formal or otherwise.

34. Plaintiff never took any dancing classes or received any formal training before working for Defendants.

35. Defendants willfully refused to pay Plaintiff in violation of the FLSA. Defendants' payment policies were not based on a good faith and reasonable belief that they complied with the FLSA. Defendants mischaracterized Plaintiff as an independent contractor solely to avoid paying her as required under the FLSA and Michigan law. The fees and fines described therefore constitute illegal "kickbacks" to Defendants under the FLSA. Plaintiffs are entitled to restitution of the illegal kickbacks.

36. Defendants failed to maintain payroll records, including information regarding wages, fines, fees, tips, and gratuities and/or service charges paid or received by dancers.

37. Defendants are Plaintiff's "employer" because they act "directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §

203(d). Markovitz is liable as an "employer" under the FLSA based on his control over the nature and structure of the employment relationship.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings Count II of this lawsuit pursuant to FED. R. CIV. P. 23 on behalf of herself and as the Class Representative of the following persons ("the Class"):

> All of Defendants' current and former exotic dancers who worked at The Coliseum in Detroit, Michigan at any time starting three years before this Complaint was filed.

39. Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

40. Plaintiff's state law claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of a class action pursuant to FED. R. CIV. P. 23.

41. The Class sought in Count II satisfies the numerosity requirement as it consists of at least one hundred workers. Therefore, joinder of all Class members in a single action is impracticable.

42. Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. These questions of law and fact common to the Class arising from Defendants' actions include but are not limited to:

    a. Whether they have worked as an exotic dancer for Defendants;

    b. Whether they performed the same or similar work;

    c. Whether Defendants exerted authority over their work schedules;

    d. Whether Defendants subjected them to the same pay policies and practices;

    e. Whether they received tips while working as an exotic dancer for Defendants;

    f. Whether they were forced to share their tips while working as an exotic dancer for Defendants;

    g. Whether Defendants paid them any wages; and

    h. Whether Defendants classified them as "independent contractors."

43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, efficiency, economy, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

44. Plaintiff's claims are typical of those of the Class sought in Count II in that:

    a. Plaintiff and the Class have worked as exotic dancers for Defendants;

    b. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

      c. Defendants did not pay wages to Plaintiff and the Class;

      d. Plaintiff and the Class received tips while working as exotic dancers for Defendants; and

      e. Plaintiff and the Class were classified as "independent contractors."

45. Plaintiff is an adequate representative of the Class sought in Count II because she is a member of the Class and her interests do not conflict with the interest of the members of the Class she seeks to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

46. Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

47. It would be impracticable and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden

on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206
### *On Behalf of Plaintiff*

48. Plaintiff hereby incorporates by reference and reasserts the allegations set forth above.

49. Defendants are subject to the FLSA's minimum wage requirements because they form an enterprise engaged in interstate commerce and their employees are engaged in commerce.

50. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff.

51. Plaintiff does not qualify as an employee exempt from minimum wage obligations under 29 U.S.C. § 213.

52. Defendants collected a portion of tips paid to Plaintiff by Defendants' customers in the form of fees, fines, mandatory charges, and other payments to management, house mothers, disc jockeys, and bouncers.

53. Defendants required Plaintiff to participate in an illegal tip pool, which included employees who do not regularly receive tips and do not have more than a de minimis interaction with the customers giving the tips to Plaintiff.

54. Defendants required Plaintiff to pay monetary fees to Defendants and

other employees of The Coliseum who did not work in positions that are regularly tipped, in violation of 29 U.S.C. § 203(m).

55. Defendants required Plaintiff to pay fees to Defendants and other employees of The Coliseum in violation of the "free and clear" requirement of 29 C.F.R. § 531.35.

56. Defendants knew or should have known that their pay policies, practices, and methodology result in failure to compensate their exotic dancers at the federal minimum wage.

57. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in the amount equal to the amount of unpaid wages.

58. As a result of the willful violations of the FLSA's minimum wage provisions, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

59. Plaintiff seeks judgment against Defendants and requests compensation for unpaid wages, liquidated damages, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief as the Court deems fair and equitable.

## COUNT II
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO MICHIGAN MINIMUM WAGE LAW
### *On Behalf of Plaintiff and the Class*

60. Plaintiff hereby incorporates by reference and reasserts the allegations set forth above.

61. Michigan Minimum Wage Law provides that "[a]n employer shall not pay any employee at a rate that is less than prescribed…." MCL 408.413; MCL 408.933.

62. The WOWA requires employers to pay employees a minimum hourly wage of $8.90 beginning January 2017 and $9.25 beginning January 1, 2018. MCL 408.414(1). The IWOWA requires employers to pay employees a minimum hourly wage of $9.45 in the calendar year 2019 and $9.65 in the calendar year 2020. *See* MCL 408.934(1).

63. At all relevant times, Plaintiff and the Class Members were "employees" of Defendant as defined by Michigan Minimum Wage Law. MCL 408.412(d); MCL 408.932(c).

64. At all relevant times, Plaintiff and the Class Members have been entitled to the rights, protections, and benefits provided by the Michigan Minimum Wage Law.

65. As described in the preceding paragraphs, Defendants have failed and refused to pay Plaintiff and the Class Members any wages at all.

66. Defendants, pursuant to their policy and practice, violated the Michigan Minimum Wage Law by failing and refusing to pay state minimum wage for all hours worked by Plaintiff and the Class Members.

67. Plaintiff and the Class Members have been subjected to a uniform and employer-based policy. This uniform policy, in violation of the Michigan Minimum Wage Law, has been applied, and continues to be applied, to all dancers employed at The Coliseum.

68. WHEREFORE, Plaintiff and the proposed Class Members seek damages to compensate them for unpaid wages, an award of liquidated damages in an amount equal to the amount of unpaid wages under MCL 408.419(1)(a) and MCL 408.939(1)(a), attorneys' fees and expenses incurred in prosecution of this action, and such other relief as the Court deems fair and equitable.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
Attorneys for Plaintiff
221 North Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

*ATTORNEYS FOR PLAINTIFF*

Date: November 6, 2020